that month. As contained in the bill of exceptions, the testimony of neither Scott nor McQueen would have been received in evidence over objection. In each instance there is a failure to set out any fact or circumstance upon which the witness would base his opinion that the accused was mentally unsound. The rule is settled that, where it is expected that a witness would give an opinion against the sanity of one accused of crime, as a predicate for such opinion he must state some fact more than a mere acquaintance with the accused. See Vernon's Tex. P. C., Vol. 1, p. 32, note 7; Thomas v. State, 98 Tex. Cr. R. 428, 266 S. W. 147; Kellum v. State, 91 Tex. Cr. R. 275, 238 S. W. 940; Plummer v. State, 86 Tex. Cr. R. 493, 218 S. W. 499; Underhill on Crim. Ev. (3rd Ed.), § 264; Williams v. State, 37 Tex. Cr. R. 349, 39 S. W. 687.

◼ Appellant sought to show that at the time of his arrest he stated that the still and equipment belonged to his son-in-law. This apparently was res gestæ of the commission of the offense and might properly have been received in evidence. However, it could have been of no value to the accused. It was proved without controversy that he was operating the still, was there alone, and had control of it. The fact that another was the owner of the still would have been of no weight as a defense or in mitigation of the punishment.

The judgment is affirmed.

### On Motion for Rehearing.

HAWKINS, J.

In support of his motion for rehearing appellant refers us to Roberts v. State, 67 Tex. Cr. R. 580, 150 S. W. 627; Thomas v. State, 40 Tex. 60; Newberry v. State, 32 Tex. Cr. R. 145, 22 S. W. 412; King v. State, 9 Tex. App. 515, with a request that we carefully examine them. We have done this, but have not been led to believe the former disposition of the case was erroneous.

The motion for rehearing is overruled.

◼◼◼◼◼◼◼◼◼◼

### CLARK v. STATE.
No. 13024.

Court of Criminal Appeals of Texas.
April 9, 1930.

Anderson & Jones, of San Angelo, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for murder; punishment, thirty-five years in the penitentiary.

The learned trial judge in this case instructed the jury that if they believed the accused was actuated by malice aforethought, they might punish him by death or imprisonment in the penitentiary for any term of years not less than two. The indictment in the case did not justify or warrant such a charge. There was no allegation therein that the killing was upon malice aforethought. The penalty inflicted is very much in excess of the maximum allowed, where the killing was not upon malice aforethought. Unless there be such allegation in the indictment, a penalty such as this would be unwarranted, and an instruction to the jury as above outlined would be submitting to them a penalty greatly in excess of that permitted by law where there was no malice aforethought. If a greater penalty than five years be desired, a new indictment should be returned.

The judgment will be reversed, and the cause remanded.